UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL BENITEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>SANDRA HUTCHENS, et al.,<br><br>             Defendants. | Case No. SACV 12-550 AG(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative Third Amended Complaint, defendant's Motion to Dismiss the Third Amended Complaint ("Motion to Dismiss"), all documents filed by the parties in connection with the Motion to Dismiss, and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R"), plaintiff's objections to the Report and Recommendation ("Objections"), defendant's Reply to the Objections, plaintiff's unauthorized Response to such Reply ("First Response"), defendants Objections to and Motion to Strike the First Response ("Motion to Strike"), and plaintiff's Response to the Motion to Strike ("Second Response"). The Court has further made a *de novo* determination of those portions of the Report and

Recommendation to which objection is made.  This Court declines to consider new arguments raised for the first time in the Objections, First Response, and/or Second Response.  See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001).  The Court denies the Motion to Strike as moot because consideration of the matters raised in the First Response does not alter the outcome of this matter.  The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections for reasons including those discussed below.

      The Objections are premised primarily on misinterpretation of the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure ("Rule 8").  For example, plaintiff argues, in part, that at the "pre-discovery stage" he was entitled to use "more conclusory and formulaic" allegations in the Third Amended Complaint purportedly since the information needed to present plaintiff's claims with more factual specificity was in the exclusive possession of the defendant.  (Objections at 3) (citing, in part, Phillips v. County of Fresno, 2013 WL 6243278, *10 (E.D. Cal. Dec. 3, 2013) (conclusory allegations linking "unspecified [jail] policies and practices" with constitutional violations against Section 1983 plaintiffs "may be sufficient" to survive motion to dismiss "where the facts that might demonstrate the causal connection . . . are not available to the pleading party prior to discovery") (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9 Cir. 1987), overruled in part on other grounds as noted in Howard v. Everex Systems, Inc., 228 F.3d 1057, 1065 n.10 (9th Cir. 2000)); Estate of Duran v. Chavez ("Duran"), 2015 WL 8011685, *9 (E.D. Cal. Dec. 7, 2015) (finding allegations of "supervisory liability" sufficient to survive motion to dismiss "where it may be presumed that Defendants are in sole possession of facts needed to support or refute [Section 1983] claims") (citing Phillips)).  As the Report and Recommendation explains, however, to survive a motion to dismiss, a complaint must contain more than "conclusions" or "a formulaic recitation of the elements of

a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also id. at 686 ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). The Rule 8 pleading standards are not relaxed based on speculation that a plaintiff will be able to provide more specificity after he obtains more information through discovery. To the contrary, a plaintiff "is not entitled to discovery" where, like here, the "complaint is deficient under Rule 8. . . ." Iqbal, 556 U.S. at 678-79, 686 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); see also Bell Atlantic Corp. v. Twombly ("Twombly"), 550 U.S. 544, 560 (2007) (rejecting the notion that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery"). The unpublished district court cases plaintiff cites – Phillips and Duran – are inapposite. Both rely on a Ninth Circuit case – Wool – that (a) was decided more than 20 years before Twombly and Iqbal; and (b) held, in pertinent part, that the *heightened* pleading requirement for fraud claims provided by Fed. R. Civ. P. 9(b) "[could] be relaxed as to matters peculiarly within the opposing party's knowledge . . . as in cases of corporate fraud . . . ." Wool, 818 F.2d at 1439 (citations and quotation marks omitted).

In addition, plaintiff suggests that conclusory allegations in the Third Amended Complaint may not be dismissed as failing to state a claim "unless it appears beyond doubt that [plaintiff] can prove no set of plausible [] facts in support of the claim that would entitled the plaintiff to relief[.]" (Objections at 5) (citing Hydrick v. Hunter ("Hydrick I"), 500 F.3d 978, 985 (9th Cir. 2007), vacated, 556 U.S. 1256 (2009)). The case plaintiff cites in support of this proposition, however, was vacated and remanded "for further consideration in light of [Iqbal]. . . ." Hunter v. Hydrick, 556 U.S. 1256 (2009). Moreover, the U.S. Supreme Court has rejected the very similar argument that "a wholly conclusory

statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (abrogating Conley v. Gibson, 78 S. Ct. 99 (1957), and rejecting common misreading of Conley "no set of facts" language).

The Court rejects plaintiff's argument that his well-pleaded claims in the Third Amended Complaint were erroneously rejected based on "highly speculative 'conflicts.'" (Objections at 9-24). Evaluating whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). Here, the Report and Recommendation reasonably concluded that plaintiff's allegations stated claims that were at most merely consistent with the defendant's liability, and at times supported at least one alternative explanation for the defendant's actions that might not result in liability at all. Thus, even assuming the veracity of plaintiff's well-pleaded allegations, here plaintiff needed to allege more specific facts in order to state a plausible claim for relief. See, e.g., In re Century Aluminum Company Securities Litigation, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation. [Citation]. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true [citation] in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.") (internal citations omitted) (emphasis added). Consistent with the foregoing authority, and contrary to plaintiff's assertions otherwise, the Report and Recommendation did not require plaintiff to provide "incontrovertible proof" in order to allege his claims with sufficient specificity.

Plaintiff's other objections are essentially based on the same arguments previously raised, and which the Report and Recommendation properly concludes have no merit.

IT IS HEREBY ORDERED that (1) The Motion to Dismiss is granted; (2) the Third Amended Complaint is dismissed without leave to amend; and (3) Judgment be entered dismissing the case with prejudice as against all defendants.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on plaintiff and on counsel for defendants.

IT IS SO ORDERED.

DATED: December 26, 2016

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE